**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00410-CR**

_____

**JAMES ANTHONY HILLESHEIM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. CR23-0303**

**MEMORANDUM OPINION**

A grand jury indicted Appellant James Anthony Hillesheim ("Appellant" or "Hillesheim") for indecency with a child by sexual contact, a second-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d). The indictment alleged two previous felony convictions as an enhancement. Hillesheim pleaded "not guilty," but the jury found him guilty as charged in the indictment.[1] At a hearing on punishment,

_____

[1] The Judgment of Conviction notes, "[t]he age of the victim at the time of the offense was 8 years of age."

1

Hillesheim pleaded "not true" to the alleged enhancement, but the jury found the enhancement true and sentenced Hillesheim to imprisonment for life and imposed a $10,000 fine.

On appeal, Appellant's court-ordered appellate attorney filed a brief stating that she has reviewed the case and, based on her professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Hillesheim to file a pro se brief, and we received no response from Hillesheim.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief in this case, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

That said, we note that the section of the judgment entitled "Statute for Offense[]" recites the statutory section as "21.11(d)[.]" The indictment charged Hillesheim for indecency with a child by sexual conduct, which is set forth in section 21.11(a)(1) of the Texas Penal Code. *See* Tex. Penal Code Ann. § 21.11(a)(1). This Court has the authority to reform the trial court's judgment to correct nonreversible clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We therefore reform the judgment to delete "21.11(d)" and to substitute "21.11(a)(1)."

We affirm the trial court's judgment of conviction as reformed.[2]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on September 23, 2025
Opinion Delivered October 1, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[2] Hillesheim may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.